# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9982 | **DATE** | 9/5/2002 |
| **CASE TITLE** | CLARK TRULY vs. SHERIFF SHEAHAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 10/22/02 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendant's, Sheriff Michael Sheahan's motion to dismiss is granted. Oral motion of William Oberts to withdraw as counsel for defendant is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 0 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 30 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLARK TRULY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 01 C 9982 |
| v. ) | |
| ) | Honorable John W. Darrah |
| SHERIFF SHEAHAN, ) | |
| DEPUTY SHERIFF MORRIS, DEPUTY ) | |
| SHERIFF SERGEANT MUNDT, ) | |
| DEPUTY SHERIFF SERGEANT ) | |
| BROGAN, and OTHER UNKNOWN ) | |
| INDIVIDUALS, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
SEP 0 6 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Clark Truly ("Plaintiff"), filed a *pro se* complaint against Defendants, the Cook County Department of Corrections, Sheriff Michael Sheahan, Deputy Sheriffs Morris, Mundt and Brogan alleging violation of 42 U.S.C. § 1983 (2002). The Cook County Department of Corrections was dismissed as a defendant by an order of this Court dated March 6, 2002. Counsel was appointed to represent Plaintiff, and Plaintiff filed an amended three-count complaint against Defendants and other unknown individuals, alleging violations of § 1983 (Count I) and state law claims for willful and wanton conduct (Count II) and negligence (Count III).

Sheriff Sheahan ("Sheahan") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the amended complaint. For the reasons set forth, Sheahan's Motion to Dismiss is granted.

30

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For purposes of this Motion to Dismiss, the following allegations are taken as true.

Plaintiff was incarcerated in the Cook County Jail ("the jail") located at 26th Street and California in Chicago, Illinois, and charged with the crime of aggravated assault and possession of a stolen vehicle. On or about January 1, 2000, Plaintiff was in a day-room area of Division 1, Tier B3, when another inmate named Dante began making verbal threats against him. Dante was reputed to be a gang member among the jail population.

Deputy Sheriff Morris ("Morris"), who was nearby at the time Dante was threatening Plaintiff, stated that he had no objection to a fight between Plaintiff and Dante. After this comment

by Morris, a fight ensued between Plaintiff and Dante. At the end of the fight, Dante made additional threats against Plaintiff which were heard by Morris, who was still in the day-room.

Morris also permitted other inmates, who he knew to be gang affiliates of Dante, to leave their cells and enter the day room. These other gang members also verbally threatened Plaintiff. Morris stated that a fight should take place out of his view. Plaintiff told Morris and the other inmates that he did not want to fight. In Morris's presence, the other inmates struck Plaintiff on his face and body until he lost consciousness. The inmates continued to attack Plaintiff after he lost consciousness.

Plaintiff was taken to Cermak Hospital and later transferred to Cook County Hospital for treatment. At Cook County Hospital, Plaintiff was treated for neck injuries, a broken nose, permanent facial disfigurement and additional injuries to his face and head.

After being released from the hospital, Morris and Deputy Sheriffs Mundt ("Mundt") and Brogan ("Brogan") placed Plaintiff in a segregation unit at the jail where some of the inmates who had attacked Plaintiff were being housed. Those inmates began to threaten Plaintiff, who feared for his life.

## DISCUSSION

Sheahan argues that Count I against him should be dismissed because Count I does not allege that Sheahan has official policy, practice or custom of failing to protect inmates. Count I's prayer for relief does not seek any relief from Sheahan. Furthermore, in his response to Sheahan's motion to dismiss, Plaintiff points out that the § 1983 claim is pled solely against the individual defendants Morris, Mundt and Brogan. Therefore, Sheahan's Motion to Dismiss Sheahan from Count I is granted.

Sheahan argues that Counts II and III should be dismissed because they are barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 Ill. Comp. Stat. 10/8-101 (2002).

The Tort Immunity Act provides that:

> [n]o civil action may be commenced in any court against a local entity or any of its employees for any injuries unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

§ 10/8-101. Under the Tort Immunity Act, civil actions against governmental entities and their employees are barred if not commenced within one year from the date the cause of action accrued. Here, Plaintiff was injured on or about January 1, 2000. Thus, under the Tort Immunity Act, Plaintiff was required to file an action against the governmental unit and its employees by January 1, 2001. However, Plaintiff did not file the original complaint until December 28, 2001 and the amended complaint until May, 14, 2002.

Plaintiff argues that the one-year statute of limitations should be tolled because he was under a legal disability, imprisonment, when his cause of action accrued. *See* 735 Ill. Comp. Stat. 5/13-211 (2002). Section 5/13-211 provides that a person who was under a legal disability at the time the cause of action accrued may bring the action within two years after the disability is removed. "Until 1987, Illinois law treated imprisonment as a legal disability that tolled the statute of limitations while the plaintiff was still in prison." *Dixon v. Chrans*, 986 F.2d 201, 204 (7th Cir. 1993). However, the Illinois legislature has amended section 5/13-211 to eliminate the tolling provisions for prisoners. *Schweihs v. Burdick*, 96 F.3d 917, 921 (7th Cir. 1996). Therefore, Plaintiff's claims for willful and wanton conduct (Count II) and negligence (Count III) are time-barred and, therefore, dismissed.

## **CONCLUSION**

For the reasons stated herein, Defendant's, Sheriff Michael Sheahan's, Motion to Dismiss is granted.

**IT IS SO ORDERED.**

_____
John W. Darrah, Judge
United States District Court

Date: September 5, 2002