Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9982 | **DATE** | 4/22/2004 |
| **CASE TITLE** | Truly vs. Cook County DOC, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendants' motion for summary judgment is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 3 2004 | |
| | Notified counsel by telephone. | | date docketed | 66 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 2004 APR 22 PM 2:06 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| CLARK TRULY, ) | **DOCKETED** |
| ) | |
| Plaintiff, ) | APR 2 3 2004 |
| ) | |
| v. ) | No: 01 C 9982 |
| ) | |
| OFFICE OF THE SHERIFF OF COOK ) | Judge John W. Darrah |
| COUNTY, DEPUTY SHERIFF MORRIS, ) | |
| DEPUTY SHERIFF SERGEANT MUNDT, ) | |
| DEPUTY SHERIFF SERGEANT BROGAN, ) | |
| and OTHER INDIVIDUALS UNKNOWN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Clark Truly, sued Defendants, Deputy Sheriff Morris, Deputy Sheriff Sergeant Mundt, and Deputy Sheriff Sergeant Brogan. Plaintiff, a prisoner, alleged that Defendants placed Plaintiff in danger while in prison, in violation of 42 U.S.C. § 1983. Presently before the Court is Defendants' Motion for Summary Judgment. For the following reasons, that motion is granted.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court

why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def's 56.1") and exhibits, are as follows.

In November 1999, Plaintiff became an inmate at the Cook County Jail (the "Jail"). Pl.'s 56.1 ¶ 1. At the Jail, Plaintiff was assigned to Division 1, Tier B3. Pl.'s 56.1 ¶ 2. While at the Jail, Plaintiff was involved in an altercation with another inmate, who was a member of a jailhouse gang. Def.'s 56.1 ¶¶ 12- 33; Pl.'s 56.1 ¶¶ 5-6, 12, 19. Defendant Deputy Sheriff

Morris was in charge of observing the area where the altercation occurred. Def.'s 56.1 ¶ 23; Pl.'s 56.1 ¶ 4. After this altercation, another altercation involving Plaintiff soon ensued by the jailhouse showers. Def.'s 56.1 ¶¶ 34- 43; Pl.'s 56.1 ¶¶ 24, 27. As a result of this fight, Plaintiff sustained numerous injuries and was required to go to the hospital. Pl.'s 56.1 ¶¶ 25, 29.

Thereafter, Plaintiff was written up for fighting and taken before the disciplinary hearing board where he received the same punishment as the others. Def.'s 56.1 ¶ 46. Plaintiff was then placed into segregation upon his return to the Jail and was then given a new housing assignment at the Jail. Def.'s 56.1 ¶¶ 47-48. After Plaintiff was given this housing assignment, he requested protective custody. Def.'s 56.1 ¶ 49.

Plaintiff filed grievances relating to these altercations. Def.'s 56.1 ¶ 50. Plaintiff received responses to his grievances. Def.'s 56.1 ¶ 51; Def.'s Ex. 1, Pl.'s Dep. at 18. Plaintiff never filed any appeals to the responses he received. Def.'s 56.1 ¶ 52; Def.'s Ex. 1, Pl.'s Dep. at 18. Instead, after Plaintiff received the responses to his grievances, he filed more grievances. Pl.'s 56.1 ¶ 30.

The Cook County Department of Corrections has a detainee grievance procedure. Def.'s Ex. 2. After a detainee receives a grievance decision, he may then appeal this decision. Def.'s Ex. 2 at 3-4.

Plaintiff's deposition was taken on September 18, 2003. Def.'s Ex. 1, Pl.'s Dep. Subsequently, Plaintiff, without the assistance of his attorney, on November 21, 2003, filed an affidavit stating that he did not receive responses to his grievances.

On December 4, 2003, Plaintiff filled out errata sheets for his deposition testimony, which stated that he did not receive responses to his grievances. Specifically, Plaintiff changed

3

three statements in his deposition testimony. First, Plaintiff was asked, "Did you receive a response to any of your grievances?" Def.'s Ex. 1, Pl.'s Dep. at 17. On line 23 of page 17, Plaintiff changed his previous answer from "Yes" to "No." Second, Plaintiff was asked, "How many responses did you receive?" Def.'s Ex. 1, Pl.'s Dep at 17. On line 2 of page 18, Plaintiff changed his previous answer from "responses were – nothing was ever – " to "responses were from request to internal investigations and superintendent nothing was ever written." Third, Plaintiff was asked "Yes, did you appeal the response you were given?" Def.'s Ex. 1, Pl.'s Dep. at 18. On line 9 of page 18, Plaintiff changed his previous answer from "I never appealed the response" to "I was never given the response."[1]

## ANALYSIS

Defendants contend that Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1995. In response, Plaintiff argues he essentially appealed the unfavorable responses he received to his grievances by filing more grievances. Plaintiff further asserts that his original deposition testimony was in error and that he never received any responses to his grievances.

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in jail, prison, or other correctional facility until such available administrative remedies as available are exhausted."

---

[1] Plaintiff filed the errata sheets changing his deposition transcript answers on December 4, 2003, three days after Defendants filed their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment. In the Reply, Defendants cited Plaintiff's Response to Defendants' Statement of Material Facts where Plaintiff admits that he received responses from Defendants to the grievances he filed. Defendants then argue that because Plaintiff did not appeal as required by the Cook County grievance procedure, Plaintiff failed to exhaust Plaintiff's administrative remedies and is barred from maintaining this suit.

4

The exhaustion "requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (*Porter*).

Plaintiff, though, essentially claims he appealed the unfavorable responses he received to his grievances by filing more grievances. Plaintiff has provided no support for this proposition, and nothing in the Cook County Department of Corrections grievance and appeal procedure or the Prison Litigation Reform Act of 1995 permits this type of process.

Plaintiff further argues, as discussed above, that his original deposition testimony was in error and that he never received any responses to his grievances. In support of this argument, Plaintiff submitted his own affidavit, *pro se*, after his deposition was taken. Plaintiff also, on December 4, 2003, filled out errata sheets for his deposition testimony, which was taken on September 18, 2003.

"[A] subsequent affidavit may not be used to contradict the witness's deposition . . . ." *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) (*Thorn*). Furthermore, "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the corrections of an error in transcription, such as dropping a 'not.'" *Thorn*, 207 F.3d at 389. Here, Plaintiff's changes are not merely correcting an error in transcription; but, rather, they change the substance of his deposition testimony. These deposition changes were made over seventy-five days after Plaintiff's deposition was taken, and after this motion for summary judgment was fully briefed. These deposition changes were also made after Plaintiff admitted Defendants' Statement of Material Fact ¶ 51, stating Plaintiff

received responses to his grievances, was true. Therefore, Plaintiff's affidavit and deposition changes, which contradict his original deposition testimony, may not be considered.

Here, it is undisputed that the Cook County Department of Corrections has a grievance and appeal procedure in place. It is also undisputed that Plaintiff filed grievances and received responses to those grievances. It is further undisputed that Plaintiff failed to appeal those grievances and only filed additional grievances. Accordingly, there is no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997(e).

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

Dated: April 22, 2004

JOHN W. DARRAH
United States District Judge